**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MATTHEW RISTAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-cv-00042-JPG |
| | ) | |
| WARDEN FLAGG, | ) | |
| BENJAMIN SCOTT, | ) | |
| WARDEN AUSTIN, | ) | |
| C/O JOHNSON, | ) | |
| TED MACABEE, | ) | |
| WARDEN MACON, | ) | |
| CHAPLAIN BOEHLER, | ) | |
| CHAPLAIN HAVERHALLS, | ) | |
| C/O REED, and | ) | |
| UNKNOWN PARTY, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Matthew Ristau is currently incarcerated at Dixon Correctional Center. (Doc. 1.) Proceeding *pro se*, Ristau has filed a complaint pursuant to 42 U.S.C. § 1983 against several employees of Centralia Correctional Center ("Centralia") for events that occurred while he was imprisoned at Centralia. He seeks monetary and specific relief. (*Id.* at 6.)

This matter is now before the Court for a preliminary review of Ristau's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

The complaint alleges that Ristau has been poisoned, sexually harassed, and accused of being a "snitch," child molester, homosexual, and murderer due to the actions or inactions of several Centralia employees. It states that around January 2014, correctional officers and lieutenants began sexually harassing Ristau. Specifically, he states that the correctional officers would "bend over like they were gay," sticking their rear ends in Ristau's face. Allegedly Warden Flagg (Centralia's warden), Warden Macon (Warden of Programs), and "the entire Intel crew thought this was entertaining."[1]

Additionally, Ristau complains that some inmates began to poison his kosher meals because, according to the complaint, unnamed lieutenants and correctional officers regularly told other inmates that Ristau was a snitch, as well as a child molester and a homosexual.[2] Warden Flagg, however, "would not let [him] off [his] kosher tray until the next month." Apparently, the prison consisted of "nazis [sic.] trying to hurt all Jews." The complaint also seems to indicate that members of "Intel" accused Ristau of being a murderer and were convincing inmates to implicate Ristau for engaging in unsanctioned "legal work."

## Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to organize the claims in Ristau's *pro se* complaint into counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:**   Defendants violated the Eighth Amendment when they subjected Ristau to several instances of harassment.

---

[1] The Court assumes that the term "Intel" refers to the internal affairs unit of the correctional facility.
[2] The complaint also, at one point, states that he was forced to be a snitch, presumably by Centralia employees.

**COUNT 2:**   Defendants failed to aid Ristau after inmates poisoned him in response to Defendants' harassment.

Ristau's complaint focuses heavily on allegations of harassment, and so the Court will begin its analysis there. A plaintiff's claims that he is being harassed by prison officials may be actionable when the harassment has been done maliciously. *Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984) (calculated harassment without penological justification may raise Eighth Amendment claim). While, "[s]tanding alone, simple verbal harassment does not" rise to the level of a constitutional violation, *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), harassment that is sexual in nature and which places a prisoner at greater risk of harm from other inmates may rise to the level of an actionable offense. *See Beal v. Foster*, 803 F.3d 356, 357-59 (7th Cir. 2015) (dismissal of Eighth Amendment claim based on harassment was premature where plaintiff alleged psychological trauma to the extent of seeking mental health care; harassment was sexual in nature and included physical conduct beyond the verbal harassment; and harassment arguably placed plaintiff at greater danger of assault by other prisoners). Here, Ristau has not alleged that he suffered psychological or physical injury as a result of the harassment he has encountered.[3] Therefore, Count 1 is dismissed without prejudice.

Ristau also alleges that his kosher food was poisoned by fellow inmates as a result of the accusations hurled at him by several prison officials—specifically that he was a snitch—and that many prison officials knew of this fact and yet failed to come to Ristau's aid. Ristau, however, does not allege any facts in support of the claim that his food was poisoned. He does not describe any harm he experienced due to ingesting poison, or why else he thinks his food had been poisoned. Mere conclusory statements that his food was poisoned are not enough to support a

---

[3] While Ristau does allege he was poisoned as a result of several Defendants' accusations, as discussed below, he does not allege facts supporting the claim that he was indeed poisoned.

claim that prison officials were indifferent to Ristau's health needs. Accordingly, Count II is dismissed without prejudice.

### Pending Motions

Ristau's motions for appointment of counsel (Doc. 2) and for service of process at Government expense (Doc. 3) are **DENIED as MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that any and all claims against all Defendants are **DISMISSED** without prejudice.

A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011); *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998). Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be

nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(A)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  February 8, 2016**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**
